# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHMAD BISHAWI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-CV-0487-MJR ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## ORDER

**REAGAN, District Judge:**

Bishawi's motion under 28 U.S.C. § 2255 was filed on July 8, 2005 (Doc. 1). The motion was fully briefed as of November 7, 2005, but it was reassigned from Judge Mills to the undersigned District Judge on April 24, 2007 (Doc. 9). Having conducted a review of Bishawi's motion under **Rule 8(a)** of the **RULES GOVERNING SECTION 2255 PROCEEDINGS**, the Court found that an evidentiary hearing was warranted due to the complexity of the case's history (Doc. 13). Accordingly, the Court appointed counsel for Bishawi pursuant to **Rule 8(c)** and set a hearing for July 25, 2008. That hearing was twice continued at Bishawi's request (Docs. 21 & 31). The evidentiary hearing was ultimately held on September 18, 2008 (Doc. 31).

On September 30, 2008, the Court denied Bishawi's § 2255 motion (Doc. 36). Now Bishawi seeks to file a "supplement to the evidentiary hearing" (Doc. 38). The Court must deny this request for a number of reasons.

First, this case has been pending for over three years. Bishawi was given ample time to supplement the pleadings and chose not to do so. Indeed, the Court specifically sought amended or supplemental briefings in its April 17, 2008 Order (Doc. 13). Nonetheless, on July 9, 2008,

-1-

Bishawi informed the Court that he wished to stand on the pleadings he initially filed (Doc. 22).

Bishawi was also given ample time to present his arguments to the Court during the September 18, 2008 evidentiary hearing (Doc. 35). Bishawi never sought to present any supplemental documents, though he admits in his motion that he brought all documents relevant to his case (Doc. 38). In short, Bishawi cannot reasonably claim that he was denied ample time or opportunity to brief the issues raised in his motion.

Finally, the bulk of Bishawi's supplement pertains to his fourth claim for relief: that the trial court erred in allowing F.B.I. Agent Robert Shay to testify at trial about an alleged confession. As thoroughly explained in the Court's recent Order, Bishawi procedurally defaulted this claim. Thus, any supplemental briefing pertaining to that issue would be futile.

Accordingly, Bishawi's motion to supplement must be **DENIED** (Doc. 38).

**IT IS SO ORDERED.**

**DATED this 10th day of October 2008.**

             **s/ Michael J. Reagan**
             **Michael J. Reagan**
             **United States District Judge**